1

2

3

4

5

6

7                                IN THE UNITED STATES DISTRICT COURT

8                           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11    DANIELA ROBINSON,

12              Plaintiff,                              No. 2:12-cv-1373 JAM AC

13         vs.

14    METROPOLITAN LIFE INS. CO.,

15              Defendant.                              ORDER

16    _____/

17              On April 3, 2013, the court held a hearing on plaintiff's motion to compel

18    discovery.  Daniel Glass appeared for plaintiff.  Mark Hancock appeared for defendant.  On

19    review of the motion, the documents filed in support and opposition, upon hearing the argument

20    of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

21                        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22              Plaintiff, a former nurse employed at St. Joseph's Hospital ("SJH") in Stockton,

23    California brings this action against defendant insurance company for the denial of her claim for

24    long-term disability benefits.  Prior to becoming disabled on June 19, 2007, plaintiff was

25    employed by SJH, a hospital owned and operated by Catholic Healthcare West ("CHW").

26    Plaintiff claims she became disabled as a result of complications arising from a gastric bypass

                                                   1

1  surgery she underwent in January 2006.  Defendant paid plaintiff disability benefits from

2  November 2007 through August 2010 from the CHW Welfare Plan.  After August 2010,

3  defendant stopped paying benefits.

4  Plaintiff filed suit on May 21, 2012 on claims of breach of the duty of good faith

5  and fair dealing and breach of contract.  On receipt of the parties' September 5, 2012 joint status

6  report, the Honorable John A. Mendez issued a minute order on September 11, 2012 directing

7  the parties to brief the question of whether plaintiff's claims are preempted by the Employee

8  Retirement Income Security Act ("ERISA").  Defendant asserted that they were, but plaintiff

9  asserted that the CHW Welfare Plan was a "church plan" that is exempt from ERISA.  Defendant

10  filed a motion for summary judgment on this issue on January 23, 2013.

11  During the pendency of that motion, plaintiff propounded discovery

12  (interrogatories, documents requests, and a deposition notice).  These discovery requests, which

13  plaintiff intended to use to oppose defendant's motion for summary judgment, see Glass Decl.

14  ¶ 14, are directed to defendant's position regarding the applicability of ERISA to the church

15  plan.  Defendant refused to respond to and/or comply with these requests on the ground that this

16  matter is covered by ERISA and thus the scope of discovery is limited.

17  Plaintiff filed a motion to compel on January 30, 2013, and the parties filed a joint

18  discovery statement on March 26, 2013.  Attached to this statement are the parties meet and

19  confer efforts, which were in written form.  See Glass Decl., Ex.

20  On March 27, 2013, Judge Mendez issued an order denying defendant's motion

21  for summary judgment.  There, Judge Mendez held that: (1) the CHW Welfare Plan is a church

22  plan that is generally exempt from ERISA; (2) however, ERISA applies to church plans that

23  make a valid election under 26 U.S.C. § 410(d) to opt in to the ERISA regulatory scheme; (3) the

24  CHW Welfare Plan made a valid § 410(d) election and therefore is governed by ERISA; (4) but

25  plaintiff's disability predates the effective date of the § 410(d) election and, since the election is

26  not retroactive, plaintiff's claims are not governed by ERISA.

DISCUSSION

At the hearing on plaintiff's motion to compel, plaintiff was asked to explain why her motion was not now moot in light of Judge Mendez's March 27, 2013 order.  Plaintiff responded that the propounded discovery was intended not only to gather information to prepare a motion for summary judgment and to oppose defendant's motion, but it was also intended to support her claim for breach of the duty of good faith and fair dealing.  Review of the parties' meet and confer efforts, however, reveals discussion only on the question of the relevance of the propounded discovery to the determination of whether ERISA governs this case.

Local Rule 251 governs motions dealing with discovery matters.  Pursuant to Local Rule 251(b), no discovery motion "shall . . . be heard unless (1) the parties have conferred and attempted to resolve their differences" and "[c]ounsel for all interested parties . . . confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion."

Here, the parties' meet and confer efforts were directed solely to the adequacy of defendant's responses in the context of addressing the question of ERISA preemption.  As the letters exchanged between the parties reflect, plaintiff propounded the discovery so as to gather evidence both in support of her proposed motion for summary judgment and in opposition to defendant's motion for summary judgment. See, e.g., Letter from Daniel Glass, plaintiff's counsel, to Mark Hancock and Rebecca Hull, defense counsel (Dec. 13, 2012) (Glass Decl., Ex. D ("The discovery propounded by plaintiff was very basic and it was intended to obtain facts and documents to support plaintiff's Motion for Summary Judgment"; "I will advise the court that the reason we have no evidence to support our motion is because [defendant] wrongfully refused to respond to discovery . . . ."); Letter from Rebecca Hull to Daniel Glass (Dec. 14, 2012) (Glass Decl., Ex. E) ("[T]here is nothing about your discovery that will affect, either way, the purely legal question of whether this employee benefit plan is subject to ERISA"; "Since nothing in your discovery would, even if answered in full, assist in [plaintiff's effort to file a summary

3

1   judgment motion], your stated dissatisfaction with the discovery responses is not an excuse for

2   not making your motion."); Letter from Daniel Glass to Mark Hancock and Rebecca Hull (Dec.

3   21, 2012) (Glass Decl., Ex. F) (plaintiff's discovery "was narrowly tailored to permit the parties

4   to investigate the circumstances under which [defendant] issues its policy to the 'church plan'

5   known as Catholic Healthcare West," and "[T]he discovery was tailored specifically to address

6   the 'conflict of interest' had by [defendant] in administering the Plan."); Letter from Mark

7   Hancock to Daniel Glass (Jan. 19, 2013) (Glass Decl., Ex. G) (referencing plaintiff's December

8   13, 2012 letter in which she claimed that she would be unable to file a motion for summary

9   judgment without defendant's discovery responses; "[T]he information plaintiff is seeking in the

10  discovery could have no bearing on the outcome of a jurisdiction-related summary judgment

11  motion"; "[Y]ou have not explained how any of the documents or information you seek would

12  potentially bear upon the Court's evaluation of the [ERISA] question."); Letter from Daniel

13  Glass to Mark Hancock and Rebecca Hull, defense counsel (Feb. 4, 2013) (Glass Decl., Ex. A)

14  ("In my opposition [to defendant's motion for summary judgment], I will seek a continuance of

15  the hearing based on the pending discovery motion.").  See also Pl.'s Opp'n to Def.'s Mot. for

16  Summ. J. at 20 ("Specifically, discovery is necessary to determine how, and why, MetLife issued

17  an ERISA based long term disability policy to the CHW Health and Welfare Plan, with an

18  effective date of January 1, 2007 when (1) two prior decisions of this court determined that the

19  CHW Plan was a 'church plan' that was exempt from ERISA; and (2) how the subject ERISA

20  ELECTION form came into existence in October 15, 2007 -- ten months after the MetLife policy

21  was even issued.").

22          Because there is no record that the parties met and conferred on the propriety of

23  defendant's responses as related to plaintiff's claim for the breach of the duty of good faith and

24  fair dealing, plaintiff's motion will be denied.

25          For these same reasons, plaintiff's motion to compel the attendance of a

26  representative for defendant at a deposition is denied.  Alternatively, the court agrees with

1   defendant that plaintiff's notice failed to give a reasonable time to respond.  Under Federal Rule

2   of Civil Procedure 30(b)(1), parties must give "reasonable notice" of a deposition.  Non-parties

3   are also entitled to "reasonable time" to comply with subpoenas under Rule 45(c)(3)(A)(I).

4   Courts must determine what is reasonable based on the circumstances of each particular case.

5   Paul v. Winco Holdings, Inc., 249 F.R.D. 643, 656 (D. Idaho 2008).  In this case, Judge

6   Mendez's September 11, 2012 minute order directed defendant to file a motion for summary

7   judgment by January 23, 2013 and plaintiff to file an opposition by February 13, 2013.  On

8   January 25, 2013, only 2.5 weeks before her opposition was due and over four months after

9   Judge Mendez issued the briefing schedule, plaintiff served a deposition notice, which scheduled

10   the deposition for February 6, 2013.  The court does not find this to be reasonable notice.

11              Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel

12   discovery (ECF Nos. 18, 25) is denied.

13   DATED: April 4, 2013.

14

15                                  ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

16

17   /mb;robi1373.mtc

18

19

20

21

22

23

24

25

26